CAMILLA E. ARCHIBALD, Respondent, *v.* PRESS PUBLISHING COMPANY, Appellant.

*Libel — statement that the plaintiff was in jail for contempt of court — proof that in a prior proceeding an order requiring restitution of money received by the plaintiff from her husband was reversed on appeal, is incompetent.*

In an action of libel it appeared that the Supreme Court made an order adjudging the plaintiff guilty of a contempt of a judgment of that court and directing that the plaintiff be committed to jail; that before the sheriff was able to execute the warrant a temporary stay was obtained by the plaintiff; that the defendant published an account of the transaction in its newspaper which was substantially true, but that the head lines of the article were false in that they stated that the plaintiff was in a cell of a jail.

Upon the trial the defendant, among other things, read in evidence the various proceedings in the Supreme Court. The plaintiff, in rebuttal, proved that prior to the proceedings in the Supreme Court proceedings (apparently based upon the matters considered in the Supreme Court) were instituted against her husband in the City Court of Yonkers; that in such proceeding the plaintiff was ordered to refund certain moneys received from her husband and that the order requiring restitution was reversed by the Appellate Division of the Supreme Court.

*Held,* that the evidence of the prior proceedings was immaterial, and that the admission thereof constituted error requiring the reversal of a judgment in favor of the plaintiff.

APPEAL by the defendant, the Press Publishing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of April, 1902, upon the verdict of a jury for $5,000, and also

from an order entered in said clerk's office on the 29th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*John M. Bowers* [*James W. Gerard* with him on the brief], for the appellant.

*Louis Hasbrouck Newkirk*, for the respondent.

JENKS, J. :

The plaintiff has recovered a verdict of $5,000 for a libel in head-lines to an article published by the defendant. The article, so far as it related to the plaintiff, was substantially true, but the head-lines were false in that they stated that the plaintiff was in a cell of a jail. The sheriff had a warrant for the jailing of the plaintiff for a contempt, and although he sought her for several days he could not find her. Before he could execute the warrant he was halted by a temporary stay contained in an order to show cause why a stay should not be granted to the plaintiff pending her appeal from the judgment which was the basis of the adjudication of contempt.

The plaintiff proved the publication, the circulation of defendant's newspaper, and rested. Thereupon the defendant put in the entire article, proved the receipt of the warrant by the sheriff, his attempts and his failures to execute it, certain other facts not here material, and then read in evidence the various proceedings in the Supreme Court. Thereupon the plaintiff called him who was her former attorney, and proved that originally proceedings were begun against the husband of the plaintiff, which went to judgment in the City Court of Yonkers; that the plaintiff was examined as a third party upon the judgment before the city judge; that a receiver was appointed; that the plaintiff was ordered to refund moneys received from her husband, and that the order requiring restitution was appealed from and reversed in the Appellate Division of the Supreme Court. I fail to see how this evidence was material. The plaintiff charged the defendant with libel in that it stated that she was confined in a cell for a contempt of the Supreme Court. The defendant proved the adjudication of the Supreme Court, which was in no way based upon the proceedings theretofore had in the City Court of Yonkers, and yet in rebuttal the plaintiff was permitted to give parol testimony of prior proceedings in another court. It cannot be said that such evidence was

harmless, for the reason that it was made manifest to the jury that in some other proceedings, based upon the same alleged wrongdoing, the Appellate Division had reversed an order of the court that ordered restitution. The plaintiff did not plead special damage, and did not offer (she was not required to do so) any proof of damage. The learned court in effect charged the jury that it might award punitive damages. We cannot say in the teeth of this substantial amount that the evidence that, in another proceeding, based upon the same alleged wrongdoing, the plaintiff obtained an order of reversal, might not have influenced the jury in its award. The sole question before the jury, upon the case as submitted, was whether the defendant libeled the plaintiff, and if so, in how great actual damages and punitive damages the defendant should answer. The defendant had made no reference to the City Court proceedings, and they were in no way involved. It is entirely true that for a time the testimony of the witness as to the City Court proceedings was unobjected to. But there was objection, on the ground of materiality and competency, to the question as to whether the order of the city judge was appealed from, and a motion made to strike out the answer that an appeal was taken to the Appellate Division, where reversal was had on the ground that the record was not produced. The learned counsel for the respondent says that the evidence was material as bearing on the stay on appeal and preventing action to punish Mrs. Archibald for contempt pending the appeal. But the proceedings in the City Court of Yonkers were entirely distinct from those in the Supreme Court. The appeal was from the judgment of the Supreme Court. The order to show cause for a stay was granted upon an "annexed affidavit," and "on all the papers and proceedings herein," *i. e.*, in the action pending in the Supreme Court. The "annexed affidavit" contains no reference whatever to any proceedings in the City Court of Yonkers.

The judgment should be reversed and a new trial granted, costs to abide the event.

BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred; HOOKER, J., taking no part.

Judgment and order reversed and new trial granted, costs to abide the event.